FILED

FEB 0 2 2026

TAMMY ... DOWNS, CLERK

By: _____ DEP CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

|  |  |
|---|---|
| MATTHEW PERRY, individually and on behalf of other similarly situated.<br><br>          Plaintiff,<br>v.<br><br>WEST CAPITAL LENDING, INC.<br><br>          Defendant. | Case No.: 4:26-CV-94-KGB<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES, STATUTORY DAMAGES, AND REQUEST FOR INJUNCTIVE RELIEF**<br><br>**JURY TRIAL DEMANDED** |

## Preliminary Statement

1.      "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone

This case assigned to District Judge Baker

and to Magistrate Judge Kanee

solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')...Private suits can seek either monetary or injunctive relief. *Id*...This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3.      Plaintiff Matthew Perry ("Plaintiff") brings this action under the TCPA alleging that Defendant West Capital Lending ("Defendant") called the Plaintiff, whose number is on the National Do Not Call Registry, without the recipient's prior express written consent.

4.      Because these calls were transmitted using technology capable of generating thousands of similar calls per day, he sues on behalf of a proposed nationwide class of other persons who received similar calls.

5.      A class action is the best means of obtaining redress for the Defendant' illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

6.      Plaintiff Matthew Perry is a natural person who resides in this District.

7.      Defendant West Capital Lending, Inc. is a corporation headquartered in Irvine, Orange County, California.

## Jurisdiction & Venue

8.      The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC,* 132 S. Ct. 740 (2012).

9.      The Court has personal jurisdiction over the Defendant because they engaged in telemarketing conduct into this District.

10.     Venue is proper under 28 U.S.C. § 1391(b)(1) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the calls were made into this District.

## TCPA Background

11.     In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry.  In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

12.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13.     A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

14.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted.  47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

15.     The TCPA also restricts telemarketing calls to residential subscribers before 8 a.m. or after 9 p.m., local time, and to residential subscribers whose phone numbers are registered on the National DNC, without prior express invitation or permission, and makes such claims actionable after more than one call in a 12-month period. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## Factual Allegations

16.     The Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17.     Defendant is a mortgage lending company.

18.     To generate business, the Defendant placed illegal telemarketing calls to numbers on the National Do Not Call Registry.

19.     Plaintiff's cellular telephone number 501-912-XXXX, is a residential non-commercial telephone number.

20.     The number is a residential telephone line because it is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

21.     Plaintiff uses his cellular telephone number for personal reasons.

22.     Plaintiff does not have a landline in his home.

23.     Plaintiff's cell phone bill is paid through a family plan, and the cost is not reimbursed by a business.

24.     Plaintiff uses the number for personal, residential, and household reasons.

25.     Plaintiff's telephone number has been listed on the National Do Not Call Registry since December 14, 2004, many years prior to the Defendant's calls.

26.     Plaintiff has never been a customer of the Defendant, never did business with the Defendant, nor asked or inquired to be a customer of the Defendant.

27.     Plaintiff never consented to receive calls or text messages from the Defendant.

28.     Despite this, Plaintiff received at least nine text messages and one ringless voicemail from Defendant.

29.     The voicemail was left for Plaintiff on December 14, 2025, from telephone number (949) 744-6725.

30.     The voicemail explained that the Defendant was attempting to reach the Plaintiff to provide him information on their lending services.

31.     Beginning on December 14, 2025 and continuing for several days, Plaintiff also received at least nine text messages from Defendant from the same number.

32.     The first text message was sent to Plaintiff at approximately 8:04 a.m. on Sunday, December 14 and stated the following:

> Hi Matthew, this is Ryan from West Capital.  I'm working on some options for you now.  Do you prefer call, text or e-mail? – Ryan from West Capital

33.     Plaintiff had never done business with Defendant nor had he ever spoken to anyone from West Capital.

34.     The Defendant then sent at least eight additional text messages over the course of several days.

35.     All text messages were all similar in content and were sent to advertise and market the Defendant's mortgage lending business.

36.     An example of another one of the text messages is below:

> Hi Matthew, just let me know how much cash out you'd like or if you're just trying to lower your current payment, and I will work on it- Ryan from West Capital

37.    The aforementioned calls to the Plaintiff were unwanted.

38.    The calls were nonconsensual encounters.

39.    Plaintiff's privacy has been violated by the above-described telemarketing calls. Plaintiff never provided his consent or requested the calls.

40.    The December 14, 2025 voicemail left on Plaintiff's cellular phone was placed through "ringless voicemail" technology.

41.    The voicemail featured a prerecorded voice and did not include any personalization such as the Plaintiff's name that would indicate that the message was recorded specifically for the Plaintiff.

42.    Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls and their privacy was improperly invaded. They were not provided legally compliant opt out mechanisms. Furthermore, the calls unnecessarily used power, network resources, tied up landlines from receiving other calls, and wear and tear.

43.    Moreover, these calls injured Plaintiff because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of Plaintiff and the class.

### Class Action Allegations

44.    As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States:

> **Pre-Record Class:** All persons in the United States who, (1) within four years prior to the commencement of this litigation until the class is certified (2) received one or more calls on their cellular telephone from the Defendant (3) sent using the same, or substantially similar, pre-recorded message used to contact the Plaintiff.

**National Do Not Call Registry Class:** All persons within the United States: (1) whose residential telephone numbers were on the National Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call, text message, or combination thereof, from Defendant; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint until the class is certified.

45.     Excluded from the Class are counsel, the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

46.     The Class as defined above is identifiable through phone records and phone number databases.

47.     The potential members of the Class are at least in the hundreds.  Individual joinder of these persons is impracticable.

48.     The Plaintiff is a member of the Class.

49.     There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

   a) Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

   b) Whether Defendant's conduct constitutes violations of the TCPA; AND

   c) Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

50.     The Plaintiff's claims are typical of the claims of class members.

51.     The Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the

Class, and counsel skilled and experienced in class actions, including TCPA class actions, represents them.

52.    Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy.  The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or their agents.

53.    The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

54.    The Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for the entire Class's membership described above.

### FIRST CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c) on behalf of Plaintiff and the National Do Not Call Registry Class)**

55.    Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

56.    The foregoing acts and omissions of Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227. by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

57.    Defendant's violations were negligent, willful, or knowing.

58.    As a result of Defendant's and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and

- 8 -

members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

59.    Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

60.    Plaintiff incorporates by reference and realleges the allegations in the paragraphs above, except for the paragraphs in the preceding Counts, as though fully set forth herein.

61.    Under the TCPA, Plaintiff and the Class are entitled to an award of treble statutory damages of $1,500.00 for each call or text that Defendant initiated in knowing or willful violation of the TCPA. 47 U.S.C. § 227(b)(3)(C).

**SECOND CAUSE OF ACTION**
**Statutory Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. 227, et seq.) on behalf of the Robocall Class**

62.    Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

63.    The Defendant violated the TCPA by sending or causing to be sent pre-recorded calls to the cellular telephones of Plaintiff and members of the Robocall Class using a pre-recorded message without their prior express written consent.

64.    As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Robocall Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

65.    The Plaintiff and Robocall Class Members are entitled to an award of treble damages if their actions are found to have been knowing or willful.

66.    Plaintiff and Robocall Class members are also entitled to and do seek injunctive relief prohibiting Defendant from using a pre-recorded voice in the future, except for emergency purposes.

### Relief Sought

WHEREFORE, for himself and all class members, Plaintiff requests the following relief:

A.    Injunctive relief prohibiting Defendant from calling telephone numbers using a pre-recorded voice, absent an emergency circumstance;

B.    Because of Defendant' violations of the TCPA, Plaintiff seek for themselves and the other putative Class members $500 in statutory damages per violation or—where such regulations were willfully or knowingly violated—up to $1,500 per violation, pursuant to 47 U.S.C. § 227(b)(3).

C.    An order certifying this action to be a proper class action under Federal Rule of Civil Procedure 23, establishing any appropriate classes the Court deems appropriate, finding that Plaintiff are proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

D.    Such other relief as the Court deems just and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: February 2, 2026

Jason Ryburn
AR BIN# 2012148
Ryburn Law Firm
650 S. Shackleford Rd., Ste. 231
Little Rock, AR 72211
[o] (501) 228-8100
[f] (501) 228-7300
jason@ryburnlawfirm.com


Anthony I. Paronich (*pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[f] (508) 318-8100
anthony@paronichlaw.com