# **EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | |
|---|---|
| MATTHEW PERRY, individually and on behalf of others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>WEST CAPITAL LENDING, INC.,<br><br>    Defendant. | Case No. 4:26-cv-00094-KGB<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT** |

## I.    INTRODUCTION

Plaintiff's Opposition asks this Court to do what the TCPA does not: create a private right of action for text messages under § 227(c)(5). That provision authorizes suit only by persons who received "more than one telephone call." 47 U.S.C. § 227(c)(5). Plaintiff received text messages. A text message is not a telephone call. Plaintiff opens his Opposition with the analogy that a law banning "vehicles" from a park covers Cybertrucks and Priuses alike. Of course it does. A Cybertruck is a vehicle. A Prius is a vehicle. But the analogy actually proves West Capital's point. If the statute instead banned "cars" from the park, it would cover Teslas and Toyotas, because those are cars. It would not cover bicycles. A bicycle is not a car, no matter how well it serves the same transportation function. Text messages bear the same relationship to telephone calls; both reach a phone, but only one is a call. The question is not whether the TCPA keeps pace with technology; it is whether Congress chose a term broad enough to capture text messages. It did not.

Since Plaintiff filed his Opposition, a federal court has squarely rejected every argument Plaintiff raises here. In *James v. Smarter Contact, Inc.*, the court held that "the ordinary public meaning of 'telephone call' in 1991 did not include or embrace a modern text message." No. 8:25-CV-1657-KKM-SPF, 2026 WL 879244, at *3 (M.D. Fla. Mar. 31, 2026). The court dismissed with

`

prejudice, finding amendment would be futile. This Court should do the same. Plaintiff's remaining arguments fare no better. His prerecorded voice allegations are conclusory and insufficient under governing precedent. And Plaintiff has abandoned his claim for injunctive relief by failing to respond to West Capital's standing argument.

For the reasons set forth herein, and in West Capital Lending's Motion to Dismiss, this Court should dismiss Plaintiff's Complaint.

## II.    **ARGUMENT**

### A. Under § 227(c)(5) "Telephone Call" Does Not Include Text Messages Post *Loper Bright* and *McLaughlin*

1. The Plain Text Of § 227(c)(5) Excludes Text Messages

Plaintiff's Do Not Call claim under § 227(c)(5) fails at the threshold: text messages are not "telephone calls." Plaintiff alleges nine text messages and one ringless voicemail. However, Section 227(c)(5) provides a private right of action only to a person who "received more than one telephone call." 47 U.S.C. § 227(c)(5). The statute does not define "telephone call," so the Court must give the term its ordinary public meaning in 1991.

Following the Supreme Court's decisions in *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369 (2024), and *McLaughlin Chiropractic Associates, Inc. v. McKesson Corp.*, 606 U.S. 146 (2025), district courts must interpret the TCPA unbound by the FCC's interpretations and prior precedent that deferred to those interpretations. *See McLaughlin*, 606 U.S. at 155. Courts must instead interpret the term "telephone call" according to its ordinary public meaning at the time of enactment. *James*, 2026 WL 879244, at *3). In 1991, "telephone" meant "an apparatus, system, or process for transmission of *sound or speech* to a distant point." *Id.* (emphasis in original). "Call" as a noun meant "an act or instance of telephoning." *Id.* A "telephone call" therefore required the reproduction of sound at a distance. *Id.* Text messages do not reproduce sound. They transmit

`

written data. They are not "telephone calls" as that term was understood in 1991. *Id.*; *Stockdale v. Skymount Prop. Grp., LLC*, No. 1:25 CV 1282, 2026 WL 591842, at *3 (N.D. Ohio Mar. 3, 2026); *Davis v. CVS Pharmacy, Inc.*, 797 F. Supp. 3d 1270, 1273 (N.D. Fla. 2025). The plain meaning of the statutory text, confirmed by contemporaneous dictionaries and the TCPA's broader structure, compels this conclusion.

      *a. The Plain Text, Contemporaneous Dictionaries, and Statutory Structure All Confirm That "Telephone Call" Excludes Text Messages*

The Court must give § 227(c)(5) the meaning its words carried in 1991. *Niz-Chavez v. Garland*, 593 U.S. 155, 160 (2021); *Bostock v. Clayton Cty., GA*, 590 U.S. 644, 654 (2020). "As in every statutory-interpretation case, 'we start with the text—and if we find it clear, we end there as well.'" *James*, 2026 WL 879244, at *3. For the reasons explained above, "a text message, which does not use a telephone to reproduce sounds at a distance, is not included or embraced in the ordinary public meaning of 'telephone call' from 1991." *Id.*; *Stockdale,* 2026 WL 591842, at *3 (same).

The TCPA's structure independently confirms this plain meaning. "When Congress uses different terms, we expect that they hold different meanings, especially when the same meaning would render one of the terms superfluous." *James*, 2026 WL 879244, at *4 (quoting *Fernandez v. Seaboard Marine LTD.*, 135 F.4th 939, 958 (11th Cir. 2025)); *see e.g. Quito-Guachichulca v. Garland*, 122 F.4th 732, 737 (8th Cir. 2024) ("these are just the sort of hefty and distinctive terms to which the different-words-different-meanings canon usually applies") (cleaned up). Congress defined "telephone solicitation" as a "telephone call or message." 47 U.S.C. § 227(a)(4). But it limited the private right of action in § 227(c)(5) to "telephone call." If "telephone call" already included messages, "or message" in § 227(a)(4) would be superfluous. It is not. Congress also added "text message" to other TCPA provisions through later amendments. *See* 47 U.S.C. §

`

227(e)(8)(A)-(B). It left § 227(c)(5) unamended. "Congress understood the pertinent dis-tinction and legislated mindful of the distinction." *Sayed v. Naturopathica Holistic Health, Inc.*, No. 8:25-CV-00846-SDM-CPT, 2025 WL 2997759, at *2 (M.D. Fla. Oct. 24, 2025). The plain meaning, the surplusage canon, and Congress's own amendments all lead to the same place: "telephone call" in § 227(c)(5) does not include text messages.

> b. *Plaintiff's Textual Arguments Fail Because Plaintiff Uses the Wrong Definition, Ignores "Telephone," and Conflates § 227(b) with § 227(c)(5)*

In an effort to twist the words of § 227(c)(5), Plaintiff's analysis commits three errors: it relies on the wrong dictionary form of "call," ignores the statutory modifier "telephone," and conflates § 227(b)'s broader "any call" language with § 227(c)(5)'s narrower "telephone call."[1]

*First*, Plaintiff uses the wrong form of "call." ECF No. 16 at 7 ("Opp"). Section 227(c)(5) uses "call" as a noun: "received more than one telephone call." As a noun, "call" means "an act or instance of telephoning." *James*, 2026 WL 879244, at *3. Plaintiff instead relies on cases using the *verb* definition: "to communicate or try to get into communication with a person by telephone." *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 953–54 (9th Cir. 2009) (relying on the verb definition of "call" from a 2002 edition of Webster's Third New International Dictionary).[2] Courts have recognized this reliance as "error" because the statute uses the noun form. *James*, 2026 WL 879244, at *3.[3]

---

[1] Other cases Plaintiff cites provide no reasoned analysis of whether text messages qualify as "telephone calls" under § 227(c)(5)—the issue simply was not before the court. *See Harriel v. Bealls, Inc.*, No. 8:25-CV-1165-TPB-SPF, 2025 WL 2379617, at *2 (M.D. Fla. Aug. 15, 2025) (the issue was whether the TCPA's provisions apply to cellphones versus residential phones, not whether text messages are "telephone calls"); *Cacho v. McCarthy & Kelly LLP*, 739 F. Supp. 3d 195, 203 & n.4 (S.D.N.Y. 2024) (focusing on same issue).

[2] *See also Howard v. Republican National Committee*, 164 F.4th 1119, 1123–24 (9th Cir. 2026) (citing *Satterfield*'s definition and used the same verb definition from the 1981 version of Webster's); *Wilson v. Better Mortgage Corp.*, 811 F. Supp. 3d 631, 637–38 (S.D.N.Y. 2025) (citing *Satterfield*'s verb definition).

[3] Even using the verb definition, a text message does not involve "communicating or attempting to communicate with someone by reproducing sounds at a distance." *James*, 2026 WL 879244, at *4.

4

`

*Second*, Plaintiff ignores the word "telephone." Giving meaning to every statutory word is "an elementary principle of statutory construction." *Id.* at \*4*; see e.g. Quito-Guachichulca*, 122 F.4th at 737 (explaining the surplusage canon). "Telephone" in 1991 meant an instrument for reproducing *sounds* at a distance. Plaintiff's cited cases, including *Howard*, 164 F.4th 1119, and *Wilson.*, 811 F. Supp. 3d 631, "compound the error by neglecting to consider the modifying effect on 'call' from 'telephone' as understood in 1991." *James*, 2026 WL 879244, at \*3. *Stockdale* independently reached the same conclusion. 2026 WL 591842, at \*3.

*Third*, Plaintiff relies on cases interpreting a different provision. Section 227(b) prohibits "any call" using specified equipment. Section 227(c)(5) requires a "telephone call." These are different terms with different meanings. "Section 227(b)(1)(A) deals with 'a broader prohibition on "any call"' and not 'the statutory term "telephone call" at issue here.'" *James*, 2026 WL 879244, at \*4 (quoting *Davis*, 797 F. Supp. 3d at 1273). Plaintiff cites numerous cases interpreting the wrong provision rendering those cases inapposite. *See Ashland Hospital Corp. v. Service Employees Intern. Union Dist. 1199 WV/KY/OH*, 708 F.3d 737, 741 (6th Cir. 2013) ("Our answer turns on what is meant by the expression 'make any call' under § 227(b)(1)(A).").[4]

Plaintiff alleges only text messages and one ringless voicemail. ECF No. 1 ¶¶ 28-31, 40. Text messages do not reproduce sound at a distance; they are written data transmitted between devices. Under the ordinary public meaning of "telephone call" in 1991, they are not actionable under § 227(c)(5). The plain text, the noun-verb distinction, the contrast between § 227(b) and §

---

[4] *See Lozano v. Twentieth Century Fox Film Corp.*, 702 F. Supp. 2d 999, 1002–03 (N.D. Ill. 2010) (interpreting § 227(b)'s "any call" instead of § 227(c)(5)'s "telephone call"); *Abbas v. Selling Source, LLC*, No. 09 CV 3413, 2009 WL 4884471, at \*1 (N.D. Ill. Dec. 14, 2009) (same); *Howard*, 164 F.4th at 1120 (same); *Satterfield*, 569 F.3d at 950 (same). Plaintiff is particularly misleading in his use of *Campbell-Ewald* by selectively quoting the Supreme Court's statement that a "text message to a cellular telephone ... qualifies as a 'call.'" (Opp. at 8) but omitting the rest of the sentence: "**within the compass of § 227(b)(1)(A)(iii)**." *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 156 (2016) (emphasis added). That provision uses "any call." It is not § 227(c)(5). Plaintiff does the same with *Warciak v. Subway Restaurants, Inc.*, which likewise interpreted § 227(b)(1)(A)(iii). 949 F.3d 354, 356 (7th Cir. 2020).

`

227(c)(5), and the statute's overall structure all converge on the same answer. And the courts that have applied the ordinary-meaning framework *McLaughlin* requires have reached it with notable consistency. *See, e.g.*, *James*, 2026 WL 879244; *Stockdale*, 2026 WL 591842; *Sayed*, 2025 WL 2997759; *Davis*, 797 F. Supp. 3d 1270; *Jones v. Blackstone Med. Servs., LLC*, 792 F. Supp. 3d 894 (C.D. Ill. 2025); *Richards v. Fashion Nova*, No. 1:25-CV-01145-TWP-MKK, 2026 WL 847568 (S.D. Ind. Mar. 26, 2026); *Richards v. Shein Distribution Corp.*, No. 1:25-CV-01385-TWP-TAB, 2026 WL 847584 (S.D. Ind. Mar. 26, 2026); *Lopresti v. Nouveau Essentials Mktg. LLC*, No. 5:25-CV-00282-CEM-PRL, 2026 WL 964758 (M.D. Fla. Feb. 26, 2026); *Radvansky v. 1-800-Flowers.com, Inc.*, No. 1:25-CV-2811-TWT, 2026 WL 456919 (N.D. Ga. Feb. 17, 2026); *Radvansky v. Kendo Holdings, Inc.*, No. 3:23-CV-00214-LLM, 2026 WL 810929 (N.D. Ga. Feb. 12, 2026); *McGonigle v. Pure Green Franchise Corp.*, No. 25-61164-CIV-SINGHAL, 2026 WL 111338 (S.D. Fla. Jan. 15, 2026). These are not scattered outliers; they are a growing consensus rooted in the statutory text. Count One should be dismissed with prejudice.

2.   Plaintiff's Counterarguments All Fail

a.   *Congressional Ratification Does Not Apply*

Plaintiff argues that Congress ratified the FCC's interpretation by amending the TCPA without changing § 227(c)(5). Opp. at 17. Courts have rejected this argument. "This argument fails because, 'if we find [the statutory text] clear, we end there as well.'" *James*, 2026 WL 879244, at *5. The ratification presumption is "belied by Congress's amending the TCPA to add 'text message' elsewhere in the statute." *Id.* Indeed, "Congress knows how to include text messages when it wants to, like it did in a different section of the TCPA through a 2018 amendment." *Stockdale*, 2026 WL 591842, at *4 n. 7. Congress's silence in § 227(c)(5) is not ratification. It is a choice.

`

### b.  FCC Deference Does Not Apply

Plaintiff contends that § 227(c) delegates authority to the FCC to "fill up the details." Opp. at 11. This framing is backwards. The statute resolves the question. "Telephone call" has a clear meaning. Where the text is clear, there is no gap for the FCC to fill. Under *McLaughlin*, "a district court must independently determine for itself whether the agency's interpretation of a statute is correct." 606 U.S. at 155. The court is "not bound by the agency's interpretation." *Id.* Plaintiff mischaracterizes *McLaughlin*'s standard as one of deference. It is not. *McLaughlin* "calls for 'appropriate respect,' not 'appropriate deference.'" *Davis*, 797 F. Supp. 3d at 1275. "The concepts are different." *Id.*[5]

### c.  The TCPA's Remedial Purpose Cannot Override Clear Text

Plaintiff asks this Court to stretch § 227(c)(5) to serve Congress's protective goals. Opp. at 11. But a court's "role is not to look beyond clear language to ascertain Congress's purpose." *Davis*, 797 F. Supp. 3d at 1274; *see James*, 2026 WL 879244, at *5. "The language of the statute is entirely clear, and if that is not what Congress meant then Congress has made a mistake and Congress will have to correct it." *James*, 2026 WL 879244, at *5 (quoting *Conroy v. Aniskoff*, 507 U.S. 511, 528 (1993)). The Supreme Court has confirmed this approach in the TCPA context. Courts may not "rewrite the TCPA to update it for modern technology." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 397 (2021). That instruction controls here. [6]

---

[5] Many of Plaintiff's cited authorities are of no help because they relied entirely on pre-*Loper Bright* deference to FCC interpretations. *See Schaevitz v. Braman Hyundai, Inc.*, 437 F. Supp. 3d 1237, 1248 (S.D. Fla. 2019) (relying on FCC interpretation); *Caplan v. Budget Van Lines, Inc.*, No. 2:20-CV-130 JCM (VCF), 2020 WL 4430966, at *4 (D. Nev. July 31, 2020) (relying on FCC guidance extending TCPA coverage to text messages); *Saunders v. Dyck O'Neal, Inc.*, 319 F. Supp. 3d 907, 910 (W.D. Mich. 2018) (same).

[6] Plaintiff argues statutory terms may embrace later technology. This is true in principle, but only when the term is broad enough. "[G]eneral terms may embrace later technological innovations." *James*, 2026 WL 879244, at *4 n. 3. But "telephone call" carried a limited meaning tied to sound. *Id.* Plaintiff's vehicle and news-media analogies involve broad statutory terms; "telephone call" is not such a term.

`

### B. Plaintiff's Prerecorded Voice Allegations Are Conclusory

Plaintiff's allegations that the ringless voicemail was prerecorded are conclusory and insufficient to state a claim. A TCPA plaintiff must allege facts beyond bare legal conclusions to support an inference of prerecording. *Metzler v. Pure Energy USA LLC*, No. 21-CV-9798 (VEC), 2023 WL 1779631, at *6 (S.D.N.Y. Feb. 6, 2023). A bare allegation of receiving a "ringless voicemail" with a prerecorded voice, "standing alone . . . fails to meet the requisite plausibility mark." *Id.*

Plaintiff cites *Smith* for support, but *Smith* further supports Defendant's position. Opp. at 19. In *Smith*, the plaintiff alleged two prerecorded calls that were "spoofed" to make them appear to be coming from a local number which served as "further indication of the *en masse* nature of the calling." *Smith v. Am.-Amicable Life Ins. Co. of Texas*, No. 22-333, 2022 WL 1003762, at *3 (E.D. Pa. Apr. 4, 2022). In dismissing the claim, the court found the allegations to be "very thin" and held that a plaintiff must do more than "merely proffer the content of the messages and conclusory allege that Defendant utilized a pre-recorded message," as "such bare-bones, conclusory allegations are insufficient to survive a motion to dismiss." *Id.* (cleaned up).[7] Perry's allegations are similar. He alleges a single ringless voicemail. He provides no transcript. He does not allege identical messages sent to others. He alleges no facts about how the voice sounded. His only factual allegations are that the ringless voicemail "featured a prerecorded voice" and "did not include any personalization." ECF No. 1 ¶ 41. These are the same conclusory allegations courts have found insufficient. *See Metzler*, 2023 WL 1779631, at *6; *Rahimian v. Adriano,* No. 2:20-CV-02189-GMN-VCF, 2022 WL 798371, at *2–3 (D. Nev. Mar. 16, 2022) (allegation of "prerecorded voice message" without supporting circumstances is conclusory); *Tuck v. Portfolio*

---

[7] Plaintiff also cites *Smith v. Pro Custom Solar LLC*, No. 19-20673 (KM) (ESK), 2021 WL 141336, at *3 (D.N.J. Jan. 15, 2021), which also found that conclusory allegations of a prerecorded voice are insufficient.

`

*Recovery Assocs., L.L.C.*, No. 19-CV-1270-CAB-AHG, 2019 WL 5212392, at \*3 (S.D. Cal. Oct. 16, 2019) (dismissing claim because plaintiff did "not allege . . . any circumstances that could support an inference that the calls were placed with . . . an artificial or prerecorded voice."). The prerecorded voice claim should be dismissed for failure to state a claim.

### C. Plaintiff's Argument that Ringless Voicemails are Calls Under § 227(c)(5) Relies Entirely on Pre-*Loper Bright* Authority

Plaintiff cites no post-*Loper Bright* authority holding that ringless voicemails are "calls" under § 227(c)(5). Opp. at 3-5. After *McLaughlin*, courts must independently determine the meaning of the TCPA. *McLaughlin*, 606 U.S. at 155. Prior decisions that deferred to FCC interpretations are no longer controlling. *Id.* at 168.

The FCC's 2022 Declaratory Ruling found ringless voicemails are calls "for the same reasons the Commission found computer-generated text messages sent to a carrier's text server to be calls for purposes of the TCPA." *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, FCC 22-85 at 13677 (Nov. 21, 2022). But the post-*McLaughlin* consensus has now rejected the underlying text-message rationale. *See supra* Sec. II(A)(1)(b). Once that rationale falls, the ringless voicemail ruling falls with it. No federal court has yet held that ringless voicemails qualify as "calls" under the independent framework *Loper Bright* and *McLaughlin* require, and the cases Plaintiff cites all predate those decisions and rested on deference to the FCC.[8] Plaintiff offers no authority applying the analysis the Supreme Court now requires. His attempt to shoehorn ringless voicemails into "telephone call" under § 227(c)(5) therefore fails. And in any event, even if ringless voicemails were covered, Plaintiff's prerecorded-voice allegations remain insufficient for the reasons stated in Section II(B).

---

[8] *See supra* note 4 (collecting cases).

`

### D. Plaintiff Has Abandoned His Claim for Injunctive Relief

Plaintiff has abandoned his injunctive relief claim by failing to respond. To seek injunctive relief, a plaintiff must show "a real and immediate threat of repeated injury." *Taylor v. Kin Ins., Inc.*, No. 25-CV-00213, 2025 WL 1651524, at *2 (N.D. Ill. June 10, 2025). Past TCPA violations alone are insufficient. *Id.* Plaintiff's Opposition does not respond to West Capital's standing argument. "When a plaintiff fails to defend or pursue a claim in response to a motion to dismiss or summary judgment, the claim is deemed abandoned." *Rowe v. Poplar Grove Operations, LLC*, No. 4:24CV00819 JM, 2025 WL 1184061, at *2 (E.D. Ark. Apr. 23, 2025). Even on the merits, the claim fails. Plaintiff's communications occurred in December 2025. This suit was filed in February 2026. There is no allegation of ongoing or future harm. The injunctive relief claim should be dismissed on this independent basis.

### III.    CONCLUSION

The Complaint should be dismissed in its entirety, with prejudice. "Telephone call" in § 227(c)(5) does not include text messages, and this Court should join the post-*McLaughlin* chorus reaching that conclusion. *See James*; *Stockdale*; *Radvansky*; *Davis*; *Sayed*; *Jones*; *McGonigle*. Plaintiff's prerecorded-voice allegations are conclusory, and he has abandoned his injunctive-relief claim. Because amendment would be "futile," dismissal should be with prejudice. *See Tarasenko v. Univ. of Arkansas*, No. 4:14CV00417 JLH, 2014 WL 7335026, at *1 (E.D. Ark. Dec. 19, 2014), *aff'd*, 616 F. App'x 214 (8th Cir. 2015).

Dated: April 24, 2026                    Respectfully submitted,

                                     */s/ V. Amanda Witts*
                                     V. Amanda Witts (admitted *Pro Hac Vice*)
                                     Nonny O. George (admitted *Pro Hac Vice*)
                                     MITCHELL SANDLER PLLC
                                     2020 K Street NW, Suite 760
                                     Washington, D.C. 20006

`

Tel: (202) 886-5260
v.awitts@mitchellsandler.com
ngeorge@mitchellsandler.com

Antwan Phillips
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201
Tel: (501) 371-0808
Fax: (501) 376-9442
aphillips@wlj.com

*Attorneys for Defendant West Capital Lending, Inc.*

11

`

## <u>CERTIFICATE OF SERVICE</u>

On April 24, 2026, I hereby certify that a true and correct copy of the foregoing was duly served upon the attorney of record for each party through the Court's electronic filing system.


*/s/ V. Amanda Witts*
V. Amanda Witts