**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

MATTHEW PERRY, individually and on behalf of other similarly situated.

Plaintiff,

v.

WEST CAPITAL LENDING,

Defendant.

Case No.: 4:26-cv-94

**JOINT RULE 26(f) REPORT**

Matthew Perry ("Plaintiff") and West Capital Lending ("Defendant") submit the following as their joint report pursuant to Fed. R. Civ. P. 26(f) and Local Rule 26.1.

1. **Any changes in timing, form, or requirements of mandatory disclosures under Fed. R. Civ. P. 26(a):**

   No.

2. **Date when mandatory disclosures were or will be made:**

   September 11, 2026

3. **Nature of the Case**

This is a putative nationwide class action brought under the Telephone Consumer Protection Act arising from Defendant's alleged transmission of unsolicited telemarketing text messages and a ringless prerecorded voicemail to Plaintiff's residential cellular telephone number, which had been listed on the National Do Not Call Registry since 2004. Plaintiff alleges that Defendant transmitted at least nine telemarketing text messages and one ringless prerecorded voicemail without prior express consent and seeks to represent both a National Do Not Call Registry Class and a Prerecorded Message Class.

Defendant denies these allegations and denies that any class could be certified.

**4. Subjects on which discovery may be needed:**

Plaintiff anticipates that discovery will be needed on the requisites of Fed. R. Civ. P. 23 to support his anticipated motion for class certification, as well as the merits of Plaintiff's TCPA claims to prepare for trial and to oppose any dispositive motions. Plaintiff expects to seek discovery from Defendant and third parties concerning: (1) text message records, ringless voicemail records, call detail records, and other electronically stored information relating to the communications at issue; (2) the identity of all persons or entities involved in transmitting the communications, including any vendors, lead generators, or service providers; (3) documents and electronically stored information concerning any purported consent or prior express invitation or permission to contact Plaintiff or members of the proposed classes; (4) Defendant's telemarketing policies, procedures, training materials, and TCPA compliance efforts; (5) records sufficient to identify members of the proposed classes, including telephone numbers contacted, dates and times of communications, and the content of the communications; (6) consumer complaints, internal investigations, and responses relating to telemarketing communications; and (7) information concerning Defendant's use of prerecorded voice technology, ringless voicemail technology, and text messaging platforms.

Defendant proposes that discovery be conducted on Plaintiff's individual claims and the merits of class certification, and dispositive motion and motion for class certification deadlines be set at this time. Should a class be certified, a deadline should be then set for additional discovery on class claims and defenses.

**5. Whether any party will likely be requested to disclose or produce information from electronic or computer-based media. If so:**

The parties anticipate discovery of electronic or computer-based media will be sought from one another as well as from third parties.

**a. Whether disclosure or production will be limited to data reasonably available to the parties in the ordinary course of business;**

The parties do not anticipate the need for discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost. Rather, the parties anticipate the need for discovery of electronically stored information from sources reasonable available to the parties and/or third parties in the ordinary course of business. The parties intend to stipulate or agree to the form or forms in which electronically stored information should be produced or otherwise made available.

**b. The anticipated scope, cost and time required for disclosure or production of data beyond what is reasonably available to the parties in the ordinary course of business;**

The parties do not anticipate the need for discovery of electronically stored information from sources that are not reasonably accessible because of undue burden or cost. Should discovery from such sources be sought, the parties will confer in good faith regarding the scope, cost, and time required for disclosure or production of electronically stored information and attempt to reach an agreement concerning same before bringing any such issues to the attention of the Court.

**c. The format and media agreed to by the parties for the production of such data as well as agreed procedures for such production;**

Excel spreadsheets, .csv files, and access databases should be produced in native format, otherwise electronic data should be produced in paper copies or portable document format (.pdf) files, if the data is also preserved in its native format. If production in another format is needed, the responding party will consult in good faith with the requesting party regarding the format of the information being sought and attempt to reach an agreement regarding an acceptable format before bringing any such issues to the attention of the Court. Each image produced should have a unique file name and/or Bates number.

**d. Whether reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise;**

Undersigned counsel have instructed their respective clients to preserve potentially discoverable information from alteration or destruction.

**e. Other problems which the parties anticipate may arise in connection with electronic or computer-based discovery.**

The parties anticipate no other problems. The parties further agree to meet and confer in good faith concerning any such unanticipated problems that may arise before bringing any such problems to the attention of the Court.

**6. Any needed changes in limitations imposed by the Federal Rules of Civil Procedure:**

None.

**7. Any orders, e.g., protective orders, which should be entered:**

The parties anticipate that a protective order governing the treatment of confidential information will be necessary in this case and intend to submit a proposed order to the Court for consideration and approval.

**8. Any objections to initial disclosures on the ground that initial mandatory disclosures are not appropriate in the circumstances of the action:**

None.

**9. Any objections to the proposed trial date:**

The parties request a date in the winter of 2028 to allow for notice to be sent if a class is certified.

**12. Trial**

The parties estimates that if this matter is certified as a class action, the trial will take 5 days.

**13. Class certification:**

To gather information needed from third parties related to the calling conduct at issue and secure the expert testimony that will likely be needed, the Plaintiff requests June 25, 2027 as the deadline for filing his motion for class certification.

14. **Other Proposed Dates**

**15. Unresolved issues**

There are no unresolved issues at this time.

Dated: August 26, 2026

*/s/ Anthony I. Paronich*
Anthony I. Paronich (*Pro hac vice*)
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
facsimile (508) 318-8100
Email: anthony@paronichlaw.com

-and-

Jason Ryburn
Ryburn Law Firm
650 S. Shackleford Rd., Ste. 231
Little Rock, AR 72211
Telephone: (501) 228-8100
Facsimile (501) 228-7300
Email: jason@ryburnlawfirm.com

*Attorneys for Plaintiff*

*/s/ V. Amanda Witts*

V. Amanda Witts (admitted *Pro Hac Vice*)
Nonny O. George (admitted *Pro Hac Vice*)
MITCHELL SANDLER PLLC
2020 K Street NW, Suite 760
Washington, D.C. 20006
Tel: (202) 886-5260
v.awitts@mitchellsandler.com
ngeorge@mitchellsandler.com

-and-

Antwan Phillips
WRIGHT, LINDSAY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, AR 72201
Tel: (501) 371-0808
Fax: (501) 376-9442
aphillips@wlj.com

*Attorneys for Defendant*